```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LEONARD W. CHAMBERS, a/k/a REVEREND LEONARD CHAMBERS, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | Civil Action No. 15-8788 (JBS) |
| v. | |
| MONTGOMERY COUNTY CORRECTIONAL FACILITY, | **MEMORANDUM OPINION** |
| Respondent. | |

**SIMANDLE, Chief Judge:**

This matter comes before the Court by way of Petitioner Leonard W. Chambers, a/k/a Reverend Leonard Chambers' (hereinafter, "Petitioner") petition for habeas relief filed today under 28 U.S.C. § 2241, as well as his motion for an "emergent hearing." [See Docket Items 1 & 2.] For the reasons that follow, Petitioner's habeas petition will be dismissed, and his motion for an emergent hearing will be dismissed as moot. The Court finds as follows:

1. **Factual and Procedural Background**. After Petitioner failed to appear for scheduled criminal hearings on April 20, 2011, April 26, 2011, and May 2, 2011, Superior Court Judge Jeanne T. Covert issued a bench warrant for Petitioner's arrest as a detainer, pending his release from correctional facilities

in Pennsylvania.[1]  [See Docket Item 1.]  On August 11, 2014, authorities in Pennsylvania arrested Petitioner on the outstanding detainer warrant and detained him at Montgomery County Correctional Facility, where he has remained pending extradition on the outstanding New Jersey criminal charges.[2]  [See id.]  As a result, counsel for Petitioner wrote to Judge Covert on July 13, 2015, and requested that the detainer warrant be lifted (and that a new hearing be scheduled), because Petitioner was incarcerated and therefore unavailable at the time of the missed hearings.  [See id.]  Following Judge Covert's alleged denial of Petitioner's request, he filed, with counsel, the pending federal habeas petition.  [See generally id.]

    2.   In his petition, he argues (1) that Judge Covert's failure to conduct a "Fugitive of Justice" hearing "violate[s] his rights," (2) that the original warrant issued without

---

[1] The Petition provides little detail on the basis for Petitioner's New Jersey state court criminal charges.  In his motion for an emergent hearing, however, Petitioner claims that the "underlying charges stem from the alleged failure to have a home contractor's license for his carpet business."  (Pet's's Br. at ¶ 9.)

[2] Although Petitioner states that his Pennsylvania incarceration occurred on account of the detainer warrant, the documents appended to his habeas petition reflect that the First Judicial District of Pennsylvania sentenced Petitioner to a period of incarceration in the Montgomery County Correctional Facility for a seemingly separate charge of deceptive business practices. [See Docket Item 1.]

2

probable cause, (3) that the underlying criminal charges from 2011 "should not have been filed," and (4) that Petitioner's status as a "Bon[a] Fide Minister" allowed him operate without a license.  [Docket Item 1 at 7-9.]

    3.    **Standard of Review**.  This federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner has no entitlement to relief. See Rule 4 of the Rules Governing Section 2254 Proceedings (made applicable here through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

    4.    **Habeas Jurisdiction**.  As relevant here, 28 U.S.C. § 2241 grants this federal district Court limited jurisdiction to issue a writ of habeas corpus prior to the entry of a criminal judgment in state court.  See Moore v. De Young, 515 F.2d 437, 441-42 (3d Cir. 1975). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" Duran v. Thomas, 393 F. App'x. 3, 4 (3d Cir. 2010) (quoting Moore, 515 F.3d at 445-46).  Indeed, the Court of Appeals for the Third Circuit has concluded that federal district courts should exercise their "pre-trial" habeas jurisdiction only if the petitioner makes an extraordinary showing of the need for such

3

adjudication and has exhausted state remedies.  Moore, 515 F.3d at 443.

    5.  **Discussion**.  The pending habeas Petition, however, falls far short of demonstrating extraordinary circumstances sufficient to justify this federal court's intervention, prior to the presentment of these issues to New Jersey's appellate courts.  Indeed, in order to satisfy the mandatory exhaustion requirements, "[a] claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court."  Evans v. Court of Common Pleas, Del. Cnty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992).  Here, however, Petitioner has presented his challenges only to the New Jersey Superior Court, and has made no attempt to bring his claims before the New Jersey Appellate Division (much less the New Jersey Supreme Court).  [See Docket Item 1.]

    6.  "Once he has exhausted [these] state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented."[3]  Moore, 515 F.3d at 449.  Nevertheless, the present procedural circumstances of this action require dismissal of the

---

[3] In the event Petitioner files a new habeas petition after he exhausts his state remedies, he may also want to consider whether his petition should be filed in the Eastern District of Pennsylvania, rather than in this District, see 28 U.S.C. § 2241(d), if Petitioner is confined under a judgment in Montgomery County, Pennsylvania.

4

Petition.  See Kerns v. Owens, No. 15-1099, 2015 WL 1622015, at *2-*3 (D.N.J. Apr. 9, 2015) (dismissing a habeas petition for failure to exhaust all available state remedies).

    7.   Moreover, because Petitioner has not made "a substantial showing of the denial of a constitutional right," no certificate of appealability shall issue.  See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

    8.   An accompanying Order will be entered.


**December 22, 2015**                  **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                             Chief U.S. District Judge